WALLACE A. ZIMMERMAN, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 317, 2009.
Supreme Court of Delaware.
Submitted: January 8, 2010.
Decided: February 12, 2010.
Before STEELE, Chief Justice, HOLLAND and JACOBS, Justices.

ORDER
RANDY J. HOLLAND, Justice.
This 12th day of February 2010, upon consideration of the briefs on appeal and the record below, it appears to the Court that:
(1) The defendant-appellant, Wallace A. Zimmerman, was found guilty by a Superior Court jury of Felony Theft, Conspiracy in the Second Degree, Felony Criminal Mischief, Possession of Burglary Tools, and Criminal Trespass in the Third Degree. He was sentenced to a total of five years incarceration at Level V, to be suspended after two years for one year of probation. This is Zimmerman's direct appeal.[1]
(2) In his appeal, Zimmerman claims that a) the trial court erred by failing to appoint him new counsel who would agree to call a particular witness on his behalf; b) the trial court erred by not requiring the witness to be subpoenaed to testify at trial; and c) his counsel provided ineffective assistance by failing to call the witness.
(3) The trial transcript reflects the following. On the morning of trial, defense counsel informed the Superior Court judge that Zimmerman had directed her to call Albert Kucharski as a witness in his behalf. Kucharski originally had been Zimmerman's co-defendant, but, since then, had pleaded guilty and been sentenced. Prior to entering his plea, Kucharski had given a recorded statement to the police in which he implicated Zimmerman in the crimes. Believing that Kucharski would perjure himself by altering his story to help Zimmerman, however, defense counsel had informed her client that she would not call Kucharski to testify. The judge agreed with defense counsel's decision and ruled that Kucharski would not be permitted to testify.
(4) During a recess following opening statements, Zimmerman himself raised the issue with the judge, stating that ". . . I really need Mr. Kucharski here to testify in my behalf." The judge explained that the decision as to which witnesses to call was a matter of trial strategy for counsel, not the client. The judge then gave Zimmerman the choice of continuing with his trial represented by his counsel or proceeding pro se. Zimmerman chose to continue the trial represented by his counsel. Later, after the judge had dealt with an unrelated issue concerning one of the jurors, defense counsel again approached the judge and stated that Zimmerman still wanted Kucharski to be called as a witness. The prosecutor stated that he had decided not to call Kucharski as a witness for the State because Kucharski had changed his position since giving his statement to the police. Defense counsel added that she had concerns about Kucharski's ability to stand up under cross examination, given the discrepancy between his prior statement and his intended testimony. The judge reiterated her ruling that Kucharski would not be permitted to testify.
(5) The evidence presented at trial was as follows. At about 7:30 p.m. on October 14, 2008, Zimmerman secured an extension ladder to the roof of his Jeep Cherokee, which was parked in front of his house on West Salisbury Drive, Edgemoor Terrace, Wilmington, Delaware. He then drove to the intersection of Rodney Drive and Rysing Drive, in nearby Edgemoor Gardens, parked his Jeep and entered the residence of Kucharski, which was located on Rodney Drive. Just before midnight, Zimmerman and Kucharski exited the residence and got into the Jeep. Zimmerman drove to a business park at the corner of Rogers Road and South Heald Street south of Wilmington. There, using Zimmerman's ladder, one of the men cut copper wire from an electric utility pole in the rear of two of the addresses in the business park, located at 103 and 105 Rogers Road. Both men placed the ladder back on the roof of the Jeep, loaded the copper wire into the rear of the vehicle and drove away.
(6) Members of the Wilmington Police Department, who had been conducting surveillance on Zimmerman and Kucharski the entire evening, stopped the Jeep on East Avenue in Holloway Terrace, near New Castle Avenue. In the rear of the Jeep, the police discovered a large amount of copper wire and several tools, including a set of bolt cutters, a reciprocating saw, blades, pliers, screwdrivers, and a headlamp. A Delmarva Power investigator later determined that approximately 150 feet of large gauge copper wire had been removed from behind 103 and 105 Rogers Road in the incident. He estimated that the replacement cost to the power company would exceed $1,000 for the wire and $2,300 for the labor. Zimmerman testified in his own behalf. His testimony was that he did not know Kucharski intended to steal the copper wire and that he did not intend to commit a crime or to use his tools to commit a crime.
(7) Zimmerman's first two claims are that the trial court erred by failing to appoint him new counsel who would call Kucharski to testify and erred by failing to subpoena Kucharski. The Sixth Amendment of the United States Constitution provides that in all criminal prosecutions the defendant shall have the right to the assistance of counsel. However, the defendant does not have an absolute right to counsel of his choice.[2] Moreover, while a defendant has a right to counsel without a conflict of interest, he does not have a right to counsel who will not disagree with him on trial strategy.[3] Absent good cause for dismissing court-appointed counsel, a defendant has two options: proceed with his court-appointed counsel or proceed pro se.[4]
(8) Our review of the trial transcript reflects that the Superior Court dealt appropriately with the request for the appointment of new counsel when it arose in Zimmerman's trial and further reflects that the Superior Court acted entirely within its discretion and fully in accordance with the rules of ethics when it determined that Zimmerman was not entitled to the appointment of new counsel.[5] We, therefore, conclude that Zimmerman's first two claims are without merit.
(9) Zimmerman's third claim is that his counsel provided ineffective assistance by failing to call Kucharski to testify as a witness in his behalf. Although a criminal defendant has authority over certain decisions regarding his case, such as whether to plead guilty, waive a jury trial, testify in his own behalf, or take an appeal, counsel bears primary responsibility for the conduct of the defense.[6] Defense counsel has the right to make certain strategic decisions, such as what witnesses to call, whether and how to conduct cross-examination, what trial motions should be made, and what evidence should be introduced.[7] Importantly, counsel has an obligation to represent the client zealously, but strictly within the bounds set forth under the rules of ethics.[8] A lawyer acts within the bounds of the rules of ethics by "refus[ing] to offer evidence . . . that the lawyer reasonably believes is false."[9]
(10) The trial transcript in this case reflects that Zimmerman's counsel properly refused to present evidence that she reasonably believed would be false. The transcript also reflects that Zimmerman's counsel zealously represented her client throughout the course of trial, by conducting thorough cross-examinations and assertively advancing her client's position that he did not know Kucharski was stealing the copper wire in closing argument. Because there is no evidence that Zimmerman's attorney provided ineffective assistance,[10] we conclude that Zimmerman's third claim also is without merit.
(11) The Court has reviewed the record carefully and has concluded that Zimmerman's appeal is wholly without merit and devoid of any arguably appealable issues.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] Zimmerman was represented by counsel at trial, but was granted permission to proceed pro se in this appeal by Order of this Court dated September 16, 2009. Supr. Ct. R. 26(d)(iii).
[2] Lewis v. State, 757 A.2d 709, 713 (Del. 2000).
[3] Austin v. State, Del. Supr., No. 429, 2000, Walsh, J. (Aug. 6, 2001).
[4] Bultron v. State, 897 A.2d 758, 763 (Del. 2006).
[5] Id. at 762; Lewis v. State, 757 A.2d at 713.
[6] Jones v. Barnes, 463 U.S. 745, 751-53 (1983).
[7] Wainwright v. Sykes, 433 U.S. 72, 93 n.1 (1977).
[8] In re Abbott, 925 A.2d 482, 487-88 (Del. 2007) (counsel is obligated to represent the client zealously within the bounds of both the positive law and the rules of ethics).
[9] Delaware Lawyers' Rules of Professional Conduct, Rule 3.3(a)(3).
[10] Strickland v. Washington, 466 U.S. 668, 687 (1984) (in order to carry his burden on a claim of ineffective assistance of counsel, the defendant must demonstrate that his counsel's actions were professionally unreasonable and that he was prejudiced as a result of the alleged deficiencies).