IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KEVIN D. GUNTER, | § | |
| | § | No. 336, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1310014746 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: February 17, 2016
Decided: May 9, 2016

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## ORDER

This 9th day of May 2016, upon consideration of the appellant's brief under Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response, it appears to the Court that:

(1)    In 2013, the appellant, Kevin D. Gunter, and two co-defendants were indicted on multiple counts of drug and drug-related offenses.  Gunter was tried and convicted in 2015 of Drug Dealing in Heroin, Aggravated Possession of Heroin, Possession of Oxycodone, Possession of Drug Paraphernalia, and Resisting Arrest.  The Superior Court sentenced Gunter to a total of ten years at Level V suspended after five years for two years at Level IV suspended after six months for eighteen months at Level III.  This is Gunter's direct appeal.

(2)     On appeal, Gunter's Appellate Counsel[1] has filed a no-merit brief and a motion to withdraw under Supreme Court Rule 26(c).  Appellate Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues.  Appellate Counsel provided Gunter with a copy of the motion to withdraw and the no-merit brief in draft form and advised Gunter that he could submit written points for the Court's consideration.  Gunter submitted written points that are included in the brief.  In response, the State has moved to affirm the Superior Court's judgment.

(3)     When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for arguable claims.[2]  Also, the Court must conduct its own review of the record and determine whether "the appeal is indeed so frivolous that it may be decided without an adversary presentation."[3]

(4)     In early 2014, the former Office of the Chief Medical Examiner ("OCME") came under investigation for employee misconduct and lax security practices.  As a result of the investigation, all drug evidence submitted to the OCME, including the drug evidence seized in Gunter's case, was removed from

---

[1] Gunter was represented by different counsel at trial.
[2] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).
[3] *Penson v. Ohio*, 488 U.S. at 81.

the OCME and transported to the Delaware State Police, where it was audited. In Gunter's case, after the evidence was audited it was transferred to an independent lab in Pennsylvania and the U.S. Drug Enforcement Agency, where it was tested.

(5) In June 2014, Gunter's appointed Trial Counsel filed a motion *in limine*, arguing that the drug evidence should be excluded because the breakdown in security at the OCME made the evidence unreliable. Gunter's motion *in limine* was denied on December 11, 2014, following the Superior Court's decision in *State v. Irwin*, which denied similar motions in cases such as Gunter's, where the drug evidence was stored but not tested by the OCME.[4] Gunter's case was scheduled for trial in February 2015.

(6) On December 23, 2014, Gunter filed a *pro se* "motion to dismiss current counsel and/or appoint new counsel." Trial Counsel asked the Superior Court to conduct a colloquy on Gunter's representation. At the January 12, 2015 case review, Trial Counsel advised the court that Gunter wished to withdraw the motion.

(7) At the call of the calendar on February 10, 2015, Gunter complained to the Criminal Assignment Judge that Trial Counsel did not plan to argue that the drug evidence was inadmissible. Gunter asserted that there were discrepancies in the audit conducted by the State Police. Trial Counsel told the court that his trial

---

[4] *State v. Irwin*, 2014 WL 6734821 (Del. Super. Nov. 17, 2014).

3

strategy in Gunter's case did not include an admissibility argument because the court had denied Gunter's motion *in limine* under *Irwin* and Trial Counsel was without a good faith basis to argue against that decision. Trial Counsel further explained that the discrepancies in the audit were not worth raising at trial, and that there were better, more credible arguments to make, having to do with Gunter's lack of knowledge about the existence of the drugs. After hearing from Gunter and Trial Counsel, the Criminal Assignment Judge ruled that the "motion to dismiss [Trial Counsel] is denied."[5]

(8)    During jury selection the next day, Gunter complained to the Trial Judge that he did not "want to move forward with [Trial Counsel] because we're not seeing eye-to-eye."[6] The Trial Judge advised Gunter that the court would not appoint new counsel to represent him, but that if he wanted to discharge Trial Counsel and proceed *pro se*, the trial would be continued and he would be given additional time to prepare for trial. Later, during a break in *voir dire*, the Trial Judge conducted a colloquy with Gunter on the risks of proceeding *pro se* at trial and gave Gunter time to discuss the matter with Trial Counsel. After *voir dire*, the Trial Judge asked Gunter what he had decided about his representation. The Judge stated: "The train is about to leave the station here. You need to make a decision. Are you going to represent yourself or are you going to have [Trial Counsel]

---

[5] Colloquy Tr. at 11 (Feb. 10, 2015).
[6] Trial Tr. at 5 (Feb. 11, 2015).

4

represent you?"[7] Gunter responded, "I'm going to have [Trial Counsel] represent me."[8]

(9)  When trial resumed after the lunch recess, Trial Counsel advised the court that Gunter wanted to proceed *pro se* "so that he can present the OCME issues that he raised earlier."[9]  The Trial Judge allowed Gunter to address the court even though the court had given him "ample opportunity to proceed on his own" and the jury was empaneled and sworn.[10]  Gunter told the court that he wanted to retain new counsel.  The Trial Judge denied the request.

(10)  The following morning, which was midway through the trial, Gunter complained again about Trial Counsel's defense strategy and asked the Trial Judge to declare a mistrial because Trial Counsel had stipulated to the chain of custody of the drug evidence.  Gunter told the court, "All I want is a chance to talk to my family and hire a new lawyer.  That's it."[11]  The court denied Gunter's request for a mistrial, and the trial proceeded to its conclusion.

(11)  Gunter claims on appeal that the Superior Court should have appointed new counsel or allowed him to retain new counsel when it became clear that he had a fundamental disagreement with Trial Counsel about the trial strategy.

---

[7] Trial Tr. Excerpt at 53 (Feb. 11, 2015).
[8] *Id.*
[9] Trial Tr. at 32 (Feb. 11, 2015).
[10] *Id.*
[11] Trial Tr. at 11 (Feb. 12, 2015).

5

The claim is without merit. Although a criminal defendant is entitled to the assistance of counsel,[12] a criminal defendant does not have a right to dictate to counsel trial strategy[13] or how best to proceed in the case.[14]

(12)  When faced with a request for a change in counsel shortly before or during a criminal trial, the Superior Court must determine if the reasons for a change in counsel justify a continuance of the trial to make such a change.[15]  If the court determines, in its discretion, that the defendant is not entitled to a continuance to obtain new counsel, a defendant has two options:  to proceed with his existing counsel or to proceed *pro se*.[16]

(13)  In this case, the Criminal Assignment Judge and the Trial Judge considered Gunter's requests for new counsel. The requests for new counsel were made shortly before trial and during trial, which would have disrupted the trial proceedings. Gunter was also given the choice of a continuance and the chance to proceed *pro se*. He chose to stay with his existing counsel. Finally, Gunter's last request for new counsel was made after the jury had been empaneled and sworn.

---

[12] *Zimmerman v. State*, 2010 WL 546971 (Del. Feb. 12, 2010) (citing *Cooke v. State*, 977 A.2d 803, 840-41 (Del. 2009) citing U.S. Const. amend. VI; *Johnson v. Zerbst*, 304 U.S. 458, 463 (1938); *Gideon v. Wainwright*, 372 U.S. 335, 342 (1963); *Kimmelman v. Morrison*, 477 U.S. 365, 380 (1986)).

[13] *Id.* (citing *Bultron v. State*, 897 A.2d 758, 763 (Del. 2006) citing *Wheat v. United States*, 486 U.S. 153, 160 (1988)).

[14] *Bultron v. State*, 897 A.2d at 763 (citing *Muto v. State*, 2004 WL 300441, *2 n.9 (Del. Feb. 12, 2004) citing *Austin v. State*, 2001 WL 898621, at *2 (Del. Aug. 6, 2001)).

[15] *Stevenson v. State*, 709 A.2d 619, 630-31 (Del. 1998).

[16] *Zimmerman v. State*, 2010 WL 546971 (citing *Bultron*, 897 A.2d at 763).

As the trial judge found, the request came too late. The Superior Court did not abuse its discretion in denying Gunter's request for new counsel.

(14) Gunter's remaining points on appeal concern the consequences of Trial Counsel's decision to stipulate to the chain of custody of the drug evidence. Gunter's claims about Trial Counsel's trial strategy are allegations of ineffective assistance of counsel, which are not reviewable by this Court in the first instance on direct appeal.[17]

(15) The Court has conducted "a full examination of all the proceedings" and found "no nonfrivolous issue for appeal."[18] The Court is satisfied that Appellate Counsel made a conscientious effort to examine the record and the law and properly determined that Gunter could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice

---

[17] *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994).
[18] *Penson v. Ohio*, 488 U.S. at 80.

7